UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCARLATA,

      Plaintiff,

v                                                                Case No. 1:04 cv 613

SAUGATUCK DUNE RIDES, INC. and                Hon. Wendell A. Miles
DAIMLERCHRYSLER CORPORATION,

      Defendants.

_____ /


OPINION AND ORDER ON DAIMLERCHRYSLER CORPORATION'S
MOTION FOR SUMMARY JUDGMENT


      Plaintiff James Scarlata filed this diversity action against defendant Saugatuck Dune

Rides, Inc. ("SDR") after he was injured in an accident involving a dune ride operated by the

company.   Plaintiff later filed an amended complaint adding DaimlerChrysler Corporation

("DaimlerChrysler") after, he alleged, testimony of SDR's metallurgical expert suggested that

DaimlerChrysler's predecessor Chrysler, the alleged manufacturer of a defective steering

knuckle on the vehicle involved in the dune ride, was partly or fully responsible for the accident.

The matter is currently before the court on a motion by DaimlerChrysler for summary judgment

(docket no. 70).  Plaintiff has not filed a written brief in response to the motion, but has filed a

belated "Affidavit" of counsel (docket no. 83) stating that he needs discovery from

DaimlerChrysler's experts in order to adequately oppose the motion.  SDR has not filed a written

response to the motion.

      For the reasons to follow, the court holds resolution of the motion in abeyance pending

the completion of expert discovery.

## I

Plaintiff is an individual residing in Illinois.  Defendant SDR is a Michigan corporation, and defendant DaimlerChrysler is a Delaware corporation.  Plaintiff alleges that he was injured on August 5, 2003, when he was a passenger on a dune ride operated by SDR.  According to plaintiff, he was injured when the vehicle, known as a "dune schooner," came to an abrupt stop after its driver lost control of the vehicle while traveling down a steep sand dune.

Plaintiff filed this action on September 14, 2004.  His original complaint named SDR as the sole defendant, asserting a claim against the company for simple negligence.  After taking expert discovery from SDR, however, plaintiff sought leave to file an amended complaint which added DaimlerChrysler as a defendant and asserted a product liability claim against that company.  Plaintiff's sole stated basis for seeking the amendment was that Philip Guichelaar, SDR's metallurgical expert, had opined that the dune schooner's steering knuckle was defectively designed.  According to plaintiff's motion seeking leave to amend, Guichelaar

> testified that the part in question was manufactured by Chrysler in 1966, that it
> was improperly designed by Chrysler, and that its abrupt failure, due to this faulty
> design, was a proximate cause of the crash that resulted in [plaintiff's] injuries.

Brief in Support of Plaintiff's Motion to File First Amended Complaint Adding Chrysler as Party Defendant (docket no. 31), at 2-3.  The court granted plaintiff's motion for leave to amend, and DaimlerChrysler became a party defendant.

After DaimlerChrysler's addition to the case, a second Rule 16 scheduling conference was held, and a Second Case Management Order (docket no. 47) was issued.  Among the

2

provisions of this order was a requirement that DaimlerChrysler identify its testifying experts by

not later than October 26, 2005.  The order also provided that plaintiff and SDR were to name

any rebuttal experts by not later than November 28, 2005, and expert discovery was to be

completed by not later than March 29, 2006.

       Before adding DaimlerChrysler to the case, plaintiff had identified only one liability

expert, a mechanical engineer named Adolph Wolf.  Plaintiff's Witness List of Witnesses

(docket no. 20), ¶ 1.  SDR had also identified only one liability expert, Philip Guichelaar.

Defendant's Witness List (docket no. 22), at 3, ¶ 20.  DaimlerChrysler timely served its witness

list on October 26, 2005, identifying three liability experts: Matt Weber, an accident

reconstruction expert; Peter Rogulsky, a steering expert; and James Varin, a metallurgy expert.

DaimlerChrysler Corporation's Witness List and Expert Witness List (docket no. 50), at 5,  ¶s

56, 57, 58.  Fact discovery was to be completed by not later than January 26, 2006.

       On January 25, 2006, pursuant to a stipulation submitted by the parties, the court issued

an order extending certain case management deadlines.  Stipulated Order to Extend Second Case

Management Order (docket no. 63).  This stipulated order provided, among other things, that

rebuttal experts would be named by not later than May 29, 2006, that expert discovery would

conclude on or before July 31, 2006, and dispositive motions would be filed by not later than

August 21, 2006.  The stipulated order provided that any other dates not amended would remain

the same.  Therefore, because the order did not change the cutoff for fact discovery, that deadline

expired on January 26, 2006.

       The docket contains no indication that either plaintiff or SDR ever named any rebuttal

experts by the May 29, 2006 extended deadline.  Instead, on June 6, 2006, over one week after

the deadline to name rebuttal experts had passed, SDR filed a motion to compel expert discovery from DaimlerChrysler.  (Docket no. 65).  In its motion, SDR conceded that DaimlerChrysler met its obligation to timely divulge its testifying experts, but argued that DaimlerChrysler had failed to provide the written reports required by Fed.R.Civ.P. 26(a)(2)(B).  SDR also argued that DaimlerChrysler had failed to provide complete responses to SDR's expert interrogatories. Plaintiff later joined in SDR's motion.  (Docket no. 76).   A hearing was held on the motion on July 11, 2006, but no order has yet been entered.   DaimlerChrysler filed its motion for summary judgment two days after SDR filed its motion to compel expert discovery.

Although rebuttal experts were to be named by not later than May 29, 2006, plaintiff did not timely identify any rebuttal experts.  Instead, on July 18, 2006, after DaimlerChrysler filed the present motion for summary judgment, plaintiff filed a his "First Supplemental List of Witnesses" (docket no. 82), in which she listed DaimlerChrysler's three liability experts – Varin, Rogulsky, and Weber – as "may call" expert witnesses.


## II

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  In evaluating a motion for summary judgment, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  The party moving for summary judgment

bears the burden of establishing the non-existence of any genuine issue of material fact and may satisfy this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  While inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  Only factual disputes which may have an effect on the outcome of a lawsuit under the applicable substantive law are "material." <u>Anderson</u>, 477 U.S. at 248.  "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." <u>Hartsel v. Keys</u>, 87 F.3d 795, 799 (6th Cir. 1996).

Generally, summary judgment should not be granted before the parties are given adequate time for discovery.  See <u>White's Landing Fisheries, Inc. v. Buchholzer</u>, 29 F.3d 229, 231-232 (6th Cir. 1994) ("Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery*").  However, a party opposing a motion for summary judgment has no absolute right to additional time for discovery under Rule 56; instead, Fed.R.Civ.P. 56(f) provides the mechanism through which the party may obtain more time." <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 356-357 (6th Cir. 1989).[1]  Although plaintiff's  the affidavit filed in

---

[1]Fed.R.Civ.P. 56(f) provides as follows:

**When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be

(continued...)

response to DaimlerChrysler's motion does not expressly invoke Rule 56(f), it is apparent that the affidavit was filed for this purpose.   Therefore, the questions presented for the court are (1) whether DaimlerChrysler has properly supported its motion, and (2) whether plaintiff's affidavit is sufficient for purposes of Rule 56(f).

**III**

In its motion, DaimlerChrysler argues that the record evidence clearly establishes that plaintiff has no evidence that the allegedly defective part was original equipment on the dune schooner.  DaimlerChrysler does not dispute that it manufactured the dune schooner 40 years ago.  However,   DaimlerChrysler argues that now, due to no fault of its own, it will be impossible for plaintiff to show that the part in question – a steering knuckle  –  was original equipment on the dune schooner.  According to DaimlerChrysler, the "build date code" on the steering knuckle was destroyed during testing on the equipment conducted without notice to DaimlerChrysler and before it became a party in the case.

According to evidence submitted by DaimlerChrysler in support of its motion, Linus Starring, the current president of SDR, purchased SDR with his wife in 1982.  At that time, the vehicle in question in this action was one of several vehicles already being used in the business.  Although Starring had no record of the steering knuckle having been replaced on the vehicle, he has no knowledge of what maintenance or repair work was performed on the vehicle before 1982.  DaimlerChrysler argues that both plaintiff's expert, Adolf Wolf, and SDR's expert, Philip

---

[1](...continued)
obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Guichelaar, have merely assumed that previous owner or owners of SDR or of the schooner had not changed the steering knuckle on the vehicle, although there is no evidence specifically indicating that the part was original equipment on the vehicle.

Evidence shows that Guichelaar, SDR's expert, has admitted that he cut a sample of metal from the steering knuckle of the vehicle. (Guichelaar refers to the steering knuckle as the "wheel hub.") According to Peter Rogulsky, one of DaimlerChrysler's experts, this alteration of the part makes it impossible to determine whether the part was original equipment on the vehicle. In his affidavit, Rogulsky has stated that a sizeable portion of the steering knuckle, containing what is known as the "build date code," was cut from the part during a previous inspection; this is apparently a reference to the sample cut by Guichelaar. Rogulsky states that the build date code is the only accurate method of determining when a component part was manufactured and therefore whether the part was original equipment on a vehicle. Notably, Rogulsky also states that he inspected the vehicle's axle housing assembly, of which the steering knuckle is an integral component, and determined that its build date code indicated a manufacture date of either 1960 or 1970, neither of which is consistent with the alleged manufacture date of the subject vehicle, a 1966 model. Rogulsky concludes that because it is common for both the axle housing assembly and the steering assembly to be installed at the same time, the steering knuckle was not original equipment on the vehicle. Instead, Rogulsky concludes, the part was manufactured by Dana Corporation, one of DaimlerChrysler's suppliers.

Under Michigan law, the threshold requirement of a product liability action is identification of the injury-causing product and its manufacturer. Cousineau v. Ford Motor Co., 140 Mich. App. 19, 363 N.W.2d 721, 728 (1985). "Though a vehicle manufacturer may be held

liable for damages caused by defective component parts supplied by another entity, . . . this duty has not yet been extended to component parts added to a vehicle subsequent to distribution." Id., 363 N.W.2d at 727-728.  Even assuming that there was a defect in the product in question, the plaintiff must trace that defect into the hands of the defendant.  Id. at 728.  "Failure of a component not supplied by the manufacturer does not give rise to liability on the manufacturer's part." Id.

Plaintiff has not filed a written brief in response to DaimlerChrysler's motion.  The affidavit of his counsel which was belatedly filed does not address the legal arguments made in the motion or the evidence submitted in support.  Instead, plaintiff's counsel's affidavit merely states that he has sought an order compelling discovery from DaimlerChrysler's three experts, who have examined the vehicle.  According to counsel, his client cannot adequately respond to the motion for summary judgment until (1) the depositions of DaimlerChrysler's three experts have been completed, and   (2) plaintiff's liability expert has had an opportunity to review these depositions.  Counsel states that he believes that "the testimony of these three experts will provide relevant evidence on the question of whether the steering knuckle which fractured was original equipment on the [vehicle]."

The court construes plaintiff's affidavit – filed without benefit of an opposing legal brief, presumably for purposes of complying with Fed.R.Civ.P. 56(f) –  to be an implicit concession that plaintiff has not to date produced evidence that DaimlerChrysler manufactured the steering knuckle or that the component part was original equipment on the vehicle.  Instead, it appears that plaintiff hopes that DaimlerChrysler's own experts will supply the proof that plaintiff – who has the burden of proof – has not yet supplied.

Although plaintiff's counsel's affidavit states that the United States Magistrate Judge has granted a motion for further discovery from DaimlerChrysler's experts, no such order has to date been entered.  Therefore, it is not known when plaintiff expects to be able to file a written opposition to the motion for summary judgment.  The court will hold further consideration of DaimlerChrysler's motion in abeyance pending the completion of any additional expert discovery ordered by the United Magistrate Judge.


## Conclusion

Full consideration of defendant DaimlerChrysler's motion for summary judgment is held in abeyance pending the completion of expert discovery sought in defendant SDR's motion to compel discovery, in which plaintiff has joined (docket nos. 65, 76).  After this discovery (if any) has been completed, the court will issue an order establishing deadlines for the filing of a written response brief by plaintiff to DaimlerChrysler's motion, to which DaimlerChrysler will be permitted to file a written reply.  In the event that no additional discovery is permitted or undertaken as anticipated by plaintiff, summary judgment will be entered in favor of DaimlerChrysler.

So that the undersigned will be kept apprised of the status of the additional discovery anticipated by plaintiff, the parties are instructed to file, within seven (7) days of the date of this order, a joint statement of the dates by which the discovery, which has been or will be permitted pursuant to the motion to compel, is anticipated to be completed.

So ordered this 29th day of August, 2006.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

9